NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

STATE OF ARIZONA, *Appellee*,

*v.*

BRENDA BANKS, *Appellant*.

No. 1 CA-CR 14-0769
FILED 10-6-2015

Appeal from the Superior Court in Maricopa County
No. CR2013-448616-002
The Honorable Christopher T. Whitten, Judge

**AFFIRMED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Joseph T. Maziarz
*Counsel for Appellee*

Janelle A. McEachern, Chandler
*Counsel for Appellant*

**MEMORANDUM DECISION**

Judge Andrew W. Gould delivered the decision of the Court, in which Presiding Judge Randall M. Howe and Judge Peter B. Swann joined.

**G O U L D**, Judge:

¶1            Brenda Banks ("Defendant") appeals from her convictions and sentences for two counts of aggravated assault, class five felonies, and two counts of resisting arrest, class six felonies. Defendant's counsel filed a brief in accordance with *Anders v. California*, 386 U.S. 738 (1967), and *State v. Leon*, 104 Ariz. 297 (1969), advising this Court that after a search of the entire appellate record, no arguable ground exists for reversal. Defendant was granted leave to file a supplemental brief *in propria persona*, and did not do so.

¶2            Our obligation in this appeal is to review "the entire record for reversible error." *State v. Clark*, 196 Ariz. 530, 537, ¶ 30 (App. 1999). We have jurisdiction pursuant to Article 6, Section 9, of the Arizona Constitution and Arizona Revised Statutes ("A.R.S.") sections 12-120.21(A)(1), 13-4031 and 13-4033(A)(1) (West 2015).[1] Finding no reversible error, we affirm.

### FACTS AND PROCEDURAL HISTORY[2]

¶3            Police were called to a Kingdom Hall of Jehovah's Witnesses at 1:30 on a Sunday afternoon in early October 2013. The Kingdom Hall was not open for services at the time, but a man and his family were sitting outside of the building causing a disturbance. The man, Henry Paskins, was shirtless as he waved a Bible around and chanted out loud; his mother, the Defendant, his wife Nichole Davis, and his daughter sat as his audience.

¶4            The first officer on the scene approached Henry, informed him he was trespassing, and asked him to leave. He refused, so the officer called for more support. Ultimately, five officers and three of the congregation elders were called to the Kingdom Hall to address the disturbance. Before the police again engaged the family, one of the elders

---

[1]        Unless otherwise specified, we cite to the current version of the applicable statutes because no revisions material to this decision have occurred.

[2]        We view the evidence in the light most favorable to sustaining the convictions and resulting sentences. *See State v. Guerra*, 161 Ariz. 289, 293 (1989).

approached the family and asked them to leave. Henry stated, however, that he and his family would not leave.

¶5 The officers ultimately decided to arrest Henry for trespassing in the hope that the rest of the family would leave the premises. The officers' plan was that two officers would arrest Henry while the remaining officers kept the family members from interfering. When the officers reached for Henry's hands to handcuff him, he forcefully resisted and a physical altercation ensued. Both Defendant and Henry's wife joined the scuffle attempting to stop the officers from arresting Henry. Defendant hit officer Yamamori twice, once on the shoulder and once in the face and then ran over to Sergeant Hawkins, who was physically struggling with Henry, and hit him in the head before being knocked over and subdued herself. Once on the ground, Defendant continued to struggle as officers Yamamori and Dittman handcuffed her and placed her under arrest.

¶6 Henry, Nichole, and Defendant were charged as co-defendants in one joint indictment. Defendant was indicted for the following offenses: count seven, aggravated assault, as to Officer Dittman; count eight, aggravated assault, as to Officer Hawkins; count nine, Aggravated Assault, as to Officer Yamamori; count ten, resisting arrest, and count eleven, resisting arrest. The basis for the resisting arrest charge in count ten was that Defendant acted as an accomplice in Henry's efforts to resist arrest.

¶7 Defendant was tried with her co-defendants, Henry and Nichole. Before the case was submitted to the jury, the State dismissed Count Seven. The jury found Defendant guilty of the remaining two counts of aggravated assault, class five felonies, and two counts of resisting arrest, class six felonies.

¶8 The court suspended imposition of sentence and placed Defendant on probation for 18 months. Defendant timely appealed.

## DISCUSSION

¶9 We have read and considered counsel's brief, carefully searched the entire record for reversible error and found none. *Clark*, 196 Ariz. at 541, ¶ 49. All of the proceedings were conducted in compliance with the Arizona Rules of Criminal Procedure and substantial evidence supported the finding of guilt. Defendant was present and represented by counsel at all critical stages of the proceedings. At sentencing, Defendant and her counsel were given an opportunity to speak and the court imposed a legal sentence.

**¶10** Counsel's obligations pertaining to Defendant's representation in this appeal have ended. Counsel need do nothing more than inform Defendant of the status of the appeal and her future options, unless counsel's review reveals an issue appropriate for submission to the Arizona Supreme Court by petition for review. *State v. Shattuck*, 140 Ariz. 582, 584-85 (1984). Defendant shall have thirty days from the date of this decision to proceed, if she so desires, with an *in propria persona* motion for reconsideration or petition for review.



**Ruth A. Willingham** · **Clerk of the Court**
F I L E D : ama